Benjamin J. Schnayerson (State Bar No. 257857)
Liam N. Gaarder-Feingold (State Bar No. 345747)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Ben.Schnayerson@jacksonlewis.com
E-mail: Liam.Gaarderfeingold@jacksonlewis.com

Attorneys for Defendant
BAJA CONSTRUCTION CO., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MAGAÑA, individually, and on behalf of other members of the general public similarly situated;,<br><br>Plaintiff(s),<br><br>v.<br><br>BAJA CONSTRUCTION CO., INC., a California corporation; and DOES 1 through 100, inclusive;<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF DEFENDANT BAJA CONSTRUCTION CO., INC.**<br><br>**[28 U.S.C. §§ 1331, 1441]**<br><br>(Filed concurrently with Civil Case Cover Sheet, Declaration of Benjamin J. Schnayerson, and Declaration of Stephanie Savage)<br><br>State Action Filed: 06/27/2025 |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Baja Construction Co., Inc. ("Defendant") removes the above-entitled action to this Court from the Superior Court of the State of California, County of Contra Costa pursuant to 28 U.S.C. § 1441. Defendant invokes this Court's original jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction). Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff Jonathan Magana ("Plaintiff") and without conceding that Plaintiff has pled claims upon which relief can be granted.

This removal is based on the following grounds:

**I. <u>PROCEDURAL BACKGROUND</u>.**

1. On June 27, 2025, Plaintiff filed a Class Action Complaint in the Superior Court of the State of California, County of Contra Costa entitled *Jonathan Magana, individually, and on behalf of other members of the general public similarly situated v. Baja Construction Co., Inc., a California corporation; and Does 1 through 100, inclusive*, Case No. C25-01842 (the "Class Action"). A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Benjamin Schnayerson in Support of the Notice of Removal ("Schnayerson Decl.").

2. The Complaint remains Plaintiff's operative pleading in this action as of the date of the filing of this Notice of Removal. (Schnayerson Decl., ¶ 3)

3. On July 15, 2025, Plaintiff served copies of the Complaint, the Summons, and Civil Cover Sheet on Defendant. True and correct copies of the Summons and Civil Cover Sheet served on Defendant, as well as the Proof of Service and Notice of Case Assignment, are attached to Schnayerson Decl. as **Exhibits B, C, E** and **F**. (Schnayerson Decl., ¶ 4)

4. On August 13, 2025, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court of the State of California, County of Contra Costa. A true and correct copy of Defendant's Answer is attached to Schnayerson Decl. as **Exhibit D**. (Schnayerson Decl., ¶ 5)

5. **Exhibits A - F** constitute all the pleadings that have been filed or served by or against Defendant in this action as of the date of the filing of this Notice of Removal.

**II. <u>REMOVAL IS TIMELY.</u>**

6. Pursuant to 28 U.S.C. § 1446(b), a defendant has 30 days to file a Notice of Removal, measured from the date the defendant receives or is served with the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

7. Plaintiff served Defendant with the Complaint on July 15, 2025. (Schnayerson Decl., ¶ 4, Ex. B)

8. Measured from July 15, 2025, Defendant's deadline to file this Notice of Removal with this Court is August 14, 2025.

9. Defendant is filing this Notice of Removal with this Court on August 14, 2025.

10. No previous Notice of Removal has been filed or made with this Court for the relief

sought herein.

**III. <u>NOTICE.</u>**

11. Defendant will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, County of Contra Costa, as required by 28 U.S.C. § 1446(d).

**IV. <u>PLAINTIFF'S ALLEGATIONS.</u>**

12. Plaintiff brings this action on behalf of himself and a putative class of individuals ("Class Members") consisting of "[a]ll current and former hourly-paid or non-exempt employees of Defendants within the State of California at any time during the period from four years preceding the filing of the Complaint to final judgment." (Schnayerson Decl., ¶ 2, Ex. A at ¶ 13)

13. Plaintiff alleges that Defendant was Plaintiff's employer and is liable to Plaintiff and Class Members for the following:

a. Violation of California Labor Code §§ 510 and 1198 (unpaid overtime). (*Id.* at ¶¶ 46 – 54.)

b. Violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal break premiums). (*Id.* at ¶¶ 55 – 67.)

c. Violation of California Labor Code § 226.7 (unpaid rest period premiums). (*Id.* at ¶¶ 68 – 76.)

d. Violation of California Labor Code §§ 1194 and 1197 (unpaid minimum wages). (*Id.* at ¶¶ 77 – 81.)

e. Violation of California Labor Code §§ 201 and 202 (final wages not timely paid). (*Id.* at ¶¶ 82 – 87.)

f. Violation of California Labor Code § 226(a) (non-compliant wage statements). (*Id.* at ¶¶ 88 – 94.)

g. Violation of California Labor Code §§ 2800 and 2802 (unreimbursed business expenses). (*Id.* at ¶¶ 95 – 97.)

h. Violation of California Business & Professions Code §§ 17200, *et seq.* (*Id.* at ¶¶ 98 – 104.)

## V. THIS COURT HAS ORIGINAL JURISDICTION BECAUSE THIS MATTER PRESENTS A FEDERAL QUESTION UNDER THE LMRA.

14. Federal district courts have original jurisdiction over lawsuits involving federal law. (28 U.S.C. §1331 ["The district courts shall have original jurisdiction of all civil actions under the . . . laws . . . of the United States."].) When a case filed in state court falls within the original jurisdiction of a U.S. district court, a defendant may remove the matter to federal court. (28 U.S.C. § 1441(a).)

15. "Plaintiffs cannot avoid removal by 'artfully pleading' only state law claims that are actually preempted by federal statutes such as section 301 of the Labor Management Relations Act." (*Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1992).) "Thus, if a state law claim is completely preempted by a federal statute such as section 301, the state law cause of action necessarily becomes a federal one and can be removed." (*Id.*) Here, the Complaint alleges various violations of the California Labor Code, but neglects to mention that Class Members are bound by a valid collective bargaining agreement ("CBA") that governs the wages, hours of work, and working conditions of the employees, thereby creating an exception to the very requirements Plaintiff claims Defendant violated. However, the Court is empowered to look beyond the Complaint to the CBA documents, which make clear Plaintiff's claims are preempted by the Labor Management Relations Act ("LMRA"). (*Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ["The district court . . . properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement artfully pleaded to avoid federal jurisdiction."].)

16. Removal is proper here because Plaintiff's Complaint raises questions of federal law under Section 301 of the federal LMRA. Section 301 states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. (29 U.S.C. § 185(a).)_

"[A]lthough the language of [LMRA] § 301 is limited to 'suits for violation of contracts,' it has been broadly construed to cover most state-law actions that require interpretation of labor

agreements." (*Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir. 2000).) Section 301 thus provides a basis for federal question jurisdiction and authorizes federal courts to develop a federal common law of collective bargaining agreement interpretation. (*Lingle v. Norge Div. of Magic Chef, Inc.* 486 U.S. 399, 411 (1988).)

17. Section 301 preemption – and the federal question jurisdiction for which it provides – is necessary to ensure the uniform application of "federal labor-law principles," and prohibits the use of state law in collective bargaining agreement interpretation and enforcement. (*Id.* at 404; *Local 174 Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962); *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) ["[F]ederal preemption under Section 301 is an essential component of federal labor policy."].) Indeed, "[t]he preemptive force of Section 301 is so powerful as to displace entirely any state claims based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." (*Young*, 830 F.2d at 997 [the LMRA preempts a state law claim if the resolution of that claim depends upon the meaning of a collective bargaining agreement].)

18. Courts follow a two-step inquiry in determining whether Section 301 preempts a claim. First, if "the asserted cause of action involves a right [that] exists solely as a result of the CBA," then "the claim is preempted and [the] analysis ends there." (*Curtis*, 913 F.3d at 1152.) If the cause of action does not exist "solely" as a result of the CBA, the Court continues to step two, in which the claim is also preempted if the "state law right is substantially dependent on analysis" of the CBA. (*Id.* at 1153.)

19. Under controlling Ninth Circuit precedent, when a plaintiff "is statutorily excepted" from rights under the California Labor Code, such as with respect to overtime, meal periods and rest periods, because he or she "is covered by a valid CBA, … [u]nder the reasoning of *Curtis*, [the plaintiff's] rights… arise from the CBA and not from the statute, and so are preempted by LMRA § 301." (*Chatman v. Wedriveu, Inc.*, 2022 U.S. Dist. LEXIS 199533 at *18 (N.D. Cal. Oct. 28, 2022) citing *Curtis*, 913 F.3d at 1154-55.)

## VI. <u>PLAINTIFF'S CLAIMS ARE BROUGHT ON BEHALF OF UNION EMPLOYEES</u>.

20. Plaintiff seeks remedies under the California Labor Code on behalf of all of

Defendant's non-exempt hourly employees in California. Defendant is a company that constructs and installs carports. (Declaration of Stephanie Savage in Support of Removal "Savage Decl.," ¶ 2.)

21. Throughout the class period, Plaintiff – like many of the Class Members employed by Defendant – was represented by District Council of Iron Workers of the State of California and Vicinity Local 844 (the "Union") and subject to a CBA between the Union and various employers, including Defendant. (Savage Decl., ¶ 4, Ex. A.) A true and correct copy of the collective bargaining agreement ("CBA") in effect from July 1, 2020 through the present is attached to the Savage Declaration as Exhibit A, and the related Memorandum of Understanding signed on November 1, 2023 is attached to the Savage Declaration as Exhibit B.

22. During the term of the CBA, Defendant and the Union prepared supplemental wage rate tables specific for Defendant's employees, which were updated periodically. (Savage Decl., ¶ 5, 6, Exs. B, C)

23. At all relevant times, the Union was and is a labor organization that exists for the purpose of dealing with employees concerning grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work, discipline, and discharge. Defendant has likewise been engaged in an industry affecting commerce within the meaning of section 301(a) of the LMRA. (29 U.S.C. §§ 152(2), (6), (7) and 29 U.S.C. § 185(a).

## VII. <u>PLAINTIFF'S REST BREAK CLAIMS ARE PREEMPTED</u>

24. Plaintiff alleges in his Third Cause of Action that Defendant failed to provide Plaintiff and Class Members uninterrupted, 10-minute rest breaks and failed to pay rest break premiums, in violation of Labor Code section 226.7 and the applicable wage order. (Schnayerson Decl., ¶ 2, Exh. A at ¶¶ 68-76)

25. Labor Code section 226.7 states that the requirements in the statute "shall not apply to an employee who is exempt from meal or rest or recovery period requirements pursuant to other state laws, including, but not limited to, a statute or regulation, standard, or order of the Industrial Welfare Commission." (Cal. Labor Code § 226.7(e).)

26. Industrial Wage Order No. 16 covers construction workers, such as the class of

employees here. The wage order provides for employees to have 10-minute, uninterrupted rest breaks every four hours, or major fraction thereof. (8 CCR § 11160(11).) If an employer fails to provide a rest break in accordance with the wage order, the employer must pay one hour of pay. (*Id.*) The wage order then states: "In cases where a valid collective bargaining agreement provides final and binding mechanism for resolving disputes regarding enforcement of the rest period provisions, the collective bargaining agreement will prevail. … **This section shall not apply to any employee covered by a valid collective bargaining agreement if the collective bargaining agreement provides equivalent protection.**" (8 CCR 11160(11), emphasis added.)

27. During Plaintiff's employment with Defendant, he worked as a field worker. (Savage Decl., ¶ 8.) He was subject to the CBA that was in effect from July 1, 2020 to the present. (*Id.*)

28. The CBA contains language that that provides protections and rights that are equivalent to those afforded in California Industrial Wage Order No. 16. (Savage Decl., Ex. A at Section 6.B-2) The CBA also provides a process for resolving disputes regarding the enforcement of the rest period provisions. The CBA states:

> Penalties for violation of this Section shall be in accordance with Wage Order No. 16 of the Industrial Welfare Commission as interpreted by the Department of Industrial Relations. Nothing in this section confers any right or duty on the Department of Industrial Relations to resolve any dispute or assess any actual penalties for violations of this section. Any dispute regarding the provisions of this Section shall be subject to Section 28 of the Grievance Procedure of the Agreement. (*Id.*)

24. As such, Plaintiff's Third Cause of Action for rest break violations is completely preempted by Section 301 because the CBA replaces state overtime law and meal break laws. (*See Allis-Chambers Corp. v. Lucek,* 471 U.S. 202, 220 (1985) [state law claim that is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" is completely preempted by Section 301 of the LMRA]; *Burnside v Kiewitt Pac. Corp.,* 491 F.3d 1053, 1059 (9th Cir. 2007) [holding where the asserted rights exists solely under a collective bargaining agreement, the claim is preempted by Section 301]; *Ramirez v. Anvil builders, Inc.,* Case No. 23-cv-04598, 2024 U.S. Dist. LEXIS 171511 at *16 (N.D. Cal. Sept. 23, 2024).)

## VIII. PLAINTIFF'S OVERTIME AND MEAL BREAK ARE ALSO PREEMPTED.

25. Plaintiff alleges in his First Cause of Action that Defendant failed to pay Plaintiff and Class Members for all overtime pursuant to California Labor Code sections 510 and 1198. (Schnayerson Decl., ¶ 2, Exh. A at ¶¶ 46-54) Plaintiff alleges in his Second Cause of Action that Defendant failed to provide Plaintiff and Class Members code compliant meal breaks and pay meal break premiums, pursuant to California Labor Code sections 226.7 and 512(a). (Schnayerson Decl., ¶ 2, Exh. A at ¶¶ 55 – 67)

26. Pursuant to California Labor Code section 514, section 510 "do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." (*See* Cal. Lab. Code § 514.)

27. Pursuant to California Labor Code section 512(e), (f), the meal break requirements of section 512(a) do not apply to an employee in the construction industry who is covered by a collective bargaining agreement that "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." (Cal. Labor Code §§ 512(e),(f).)

28. The CBA at issue here, and the supplemental letters and memorandum of understanding, which governed Plaintiff's employment with Defendant, satisfies the first prong for the overtime and meal break exceptions because it provides for the "wages, hours of work, and working conditions of the employees." (Savage Decl., ¶¶ 4 - 6, Ex. A at Sections 6 and 7, Ex. B, Ex. C.)

29. The CBA and memorandum of understanding also satisfy the second prong as they provide for "premium wage rates for all overtime hours worked." (Savage Decl., Ex. A at Section 7, Ex. B.)

30. Finally, the CBA, memorandum of understanding and supplemental letters satisfy the third prong in that they provide for a regular hourly rate of pay for not less than 30 percent more than the state minimum wage. Since at least June 2021 to the present, many of Defendant's employees earned more than 30% over the California minimum wage, in accordance with the CBA, the memorandum of understanding, and the supplemental wage table letters provided by the Union. (Savage Decl., Exs. A, B, C; *See Rodriguez v. USF Reddaway Inc.*, Case No. 2:22-cv-00210, 2022 U.S. Dist. LEXIS 233603 at *8 (E.D. Cal. Dec. 30, 2022) ["[E]ven if Plaintiff's hourly rate did not meet the requirement of California Labor Code § 514, preemption under § 301 can still apply because the hourly rate requirement has been met for other aggrieved employees"]; *Huerta v. Doubletree Employer, LLC*, Case No. 8:23-cv-02433, 2024 U.S. Dist. LEXIS 36306 at *9 (C.D. Cal. Mar. 1, 2024 ["Both California's and Congress's intentions would be frustrated were the Court to conclude that simply because he CBA does not fulfill Section 514's requirements as to *some* employees, neither 504 nor Section 301 would apply *any* of the employees."].) In fact, some of the wage rates paid by Defendant pursuant to the CBA and related wage tables have exceeded $90 per hour. (Savage Decl., ¶ 7.) During Plaintiff's employment with Defendant, he worked as a field worker and was subject to the CBA and supplemental wage table letters in effect from July 1, 2020 to the present. (Savage Decl., ¶ 8.) For much of Plaintiff's employment, his hourly rate has also been more than 30% over the California minimum wage, in accordance with the wage tables agreed-upon by the Union and Defendant as a supplement to the CBA. (*Id.*)

31. As such, Plaintiff's First Cause of Action for failure to pay overtime and Second Cause of Action for meal break violations are completely preempted by Section 301 because the CBA replaces state overtime law and meal break laws. (*See Allis-Chambers Corp.*, *supra*, 471 U.S. at 220; *Burnside*, *supra*, 491 F.3d at 1059.)

32. Similarly, Plaintiff's other causes of action that are derivative of preempted causes of action are themselves also preempted. (*See Chatman*, 2022 U.S. Dist. LEXIS 199533, at *18 ["Federal courts 'look to the underlying character of the claim' and find jurisdiction where the [statutory] claim is, 'in part, derivative of [plaintiff's] own overtime and meal period claims'."].) (internal citation omitted); *Williams v. Securitas Sec. Servs. U.S.*, 2023 U.S. Dist. LEXIS 143640

at *19 (N.D. Cal. Aug. 16, 2023) [“The derivative claims for failure to provide accurate statements and a violation of the UCL (claims five and six) are preempted because they depend on the preempted claims.”].)

## IX. PLAINTIFF’S CLAIMS ARE ALSO PREEMPTED PURSUANT TO THE CBA’S MANDATORY GRIEVANCE AND ARBITRATION PROVISIONS.

33. Alternatively, resolution of each of Plaintiff’s state law claims are also (1) substantially dependent on the interpretation of the CBA’s grievance and mandatory individual arbitration provisions; and (2) preempted by the CBA in that it contains a “clear and unmistakable” waiver of judicial forums in exchange for final and binding arbitration of all disputes. (*Gay v. Pac. Steel Grp.*, 2021 U.S. Dist. LEXIS 112164 at *8, (N.D. Cal. June 15, 2021) [“[T]o adjudicate Plaintiffs’ argument, the Court will necessarily have to interpret the scope and validity of the CBA’s grievance procedure provisions. The necessity of such an analysis satisfies the preemption test’s standard of ‘an active dispute over ‘the meaning of contract terms’.”].)

34. Here, the CBA’s grievance procedures clearly and unmistakably provide for final and binding individual arbitration of all of Plaintiff’s wage and hour claims at issue in this litigation. Specifically, the grievance procedure and arbitration provisions outlined in Section 24.T of the CBA states, in relevant part:

> All claims or disputes involving alleged violations of the Industrial Welfare Commission Wage Order 16, the California Labor Code, and the Fair Labor Standards Act, and all derivative claims under Cal. Business & Professions Code section 17200, et. seq., as well as for associated penalties, not otherwise covered by the this Agreement, shall be subject to final and binding arbitration pursuant to Section 28 of this Agreement, To the extent permitted by law, all such claims or disputes shall be brought by or on behalf of the employee in their individual capacity only and not as a member of any purported class, collective or representative proceeding, any Arbitrator shall not have the authority to fashion a proceeding as a class, collective or representative action or to award relief to a group or class of employees in one arbitration proceeding. (Savage Decl., Ex. A, Section 24.T.)

35. In this case, the CBA provides for the payment of wages, overtime, reimbursements, as well as meal and rest breaks. (*See* Savage Decl., Ex. A at Sections 6 and 7, Ex. B, Ex. C.) Moreover, Plaintiff has brought claims for violations of the California Labor Code. Thus, Plaintiff’s claims are subject to final and binding arbitration on an individual basis.

36. To the extent that Plaintiff disputes that this foreclosure of a judicial forum is not "clear and unmistakable," Plaintiff necessarily concedes preemption as this creates a disputed interpretation of the CBA. (*See Gay*, 2021 U.S. Dist. LEXIS 112164 at *8.)

37. Ultimately, by operation of the applicable grievance and arbitration provisions contained in the CBA, Plaintiff's claims arise solely out of, and are limited by, the CBA, such that resolving the merits of Plaintiff's entire litigation is substantially dependent upon, and requires analysis, interpretation, and application of the CBA, putting this litigation squarely within the crosshairs of LMRA Section 301 preemption. (*See Allis-Chambers Corp.*, *supra*, 471 U.S. at 220 [stating that state law claim that is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" is completely preempted by Section 301 of the LMRA]; *Chatman*, 2022 U.S. Dist. LEXIS 199533, at *16 ["[A] civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court."].)

## X. PLAINTIFF'S CLAIMS ARE ALSO PREEMPTED BECAUSE THEY REQUIRE INTERPRETATION OF VARIOUS PROVISIONS OF THE CBAs.

38. Alternatively, resolution of Plaintiff's claims for failure to pay minimum wages, and failure to pay all wages due upon discharge because they depend upon an analysis of various provisions that are unique to the CBA, as set forth below. These claims also necessitate an interpretation of unique clauses contained in the CBA, specifically, Section 6.C. (Paid Second Meal Break), Section 6.E. (Show Up Pay), and Section 6.G (Holidays) (Savage Decl., Ex. A.)

39. Section 6.C (Paid Second Meal Break) allows an employee to receive overtime pay while they take a second meal break. Section 6.E. (Show-Up Pay) provides that an employee receives $60 if they report to work but ultimately do not work, and if they show up to work on a Saturday, Sunday or Holiday, "show up" pay is paid at the overtime rate. Section 6.G. (Holidays) requires that employees be paid overtime rate if they work on any designated holiday. These provisions cannot simply be applied in a vacuum, rather, the intent of each of these phrases must be ascertained to determine whether the putative Class Members have been paid all wages owed. These CBA provisions collide with Plaintiff's claims for failure to pay minimum wages and failure to pay all wages due upon discharge and cannot be resolved without interpreting them.

**XI. <u>THE COURT HAS SUPPLEMENTAL JURISDICTION OVER ANY REMAINING CLAIMS.</u>**

40. To the extent any portion of Plaintiff's claims do not raise federal questions (and/or are not preempted by Section 301 of the LMRA), such claims are removable under 28 U.S.C. § 1441(c) and, pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367, because they relate to and emanate from the same alleged employment relationship that is the subject of the federal question claims.

41. It is not necessary to establish that all aspects of Plaintiff's class action claims raise a federal question to establish federal jurisdiction. Even if Plaintiff could prove entitlement to some penalties without implicating a federal question, "[n]othing in the jurisdictional statutes suggests that the presence of related state law claims somehow alters the fact that [the] complaints, by virtue of their federal claims, were 'civil actions' within the federal courts' 'original jurisdiction.'" (*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 166 (1997).)

42. Because the Court has original jurisdiction over at least some counts against Defendant, it has supplemental jurisdiction over Plaintiff's remaining counts against Defendant, which are so related that they form part of the same case or controversy. (*See Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 714 (9th Cir. 1990).) Indeed, Plaintiff's causes of action seek penalties which implicate multiple, overlapping theories. There is no reasonable way to disentangle them. Accordingly, convenience, judicial economy, and fairness to the litigants all strongly favor this Court exercise jurisdiction over all claims in the Complaint as well. (*See City of Chicago*, 522 U.S. at 166; *Nettles v. Paramedics Logistics Operating Co., LLC*, 2022 U.S. Dist. LEXIS 77763, *2 (N.D. Cal. Jan. 14, 2022) [remaining claims share a "common nucleus of operative fact" with preempted overtime claim]; *Blackwell v. Commercial Refrigeration Specialists, Inc.*, 2021 U.S. Dist. LEXIS 119212, *7 (E.D. Cal. June 25, 2021), *citing Brooks v. FCI Lender Servs., Inc.*, 2018 U.S. Dist. LEXIS 9974 (E.D. Cal. Jan. 22, 2018); *Van Bebber v. Dignity Health*, 2019 U.S. Dist. LEXIS 148765 (E.D. Cal. Aug. 30, 2019).)

**XII. <u>VENUE.</u>**

43. "[A]ny civil action brought in a State court of which the district courts of the United

States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (28 U.S.C. § 1441(a).) As stated above, Plaintiff brought this action in California Superior Court, County of Contra Costa. Thus, venue properly lies in the United States District Court for the Northern District of California. (28 U.S.C. §§ 84(a), 1441(a).)

## XIII. <u>CONCLUSION</u>.

44. Based on the foregoing, the Defendant requests that this action be removed to this Court. If any question arises as to the propriety of removal of this action, Defendant respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its argument that removal is proper.

Dated: August 14, 2025

JACKSON LEWIS P.C.

By: *<u>/s/ Benjamin J. Schnayerson</u>*
Benjamin J. Schnayerson
Liam N. Gaarder-Feingold
Attorneys for Defendant
BAJA CONSTRUCTION CO., INC.