UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN MAGANA, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

v.

BAJA CONSTRUCTION CO., INC.,

Defendant.

Case No.  25-cv-06889-JD

**ORDER RE REMAND**

Plaintiff Magana's request to remand the case to California state court, Dkt. No. 9, is denied.  Magana's third claim is for rest period violations under California Labor Code Section 226.7 and IWC Wage Order No. 16, Cal. Code Regs. tit. 8, § 11160(11).  Dkt. No. 1-1, Ex. A at 14-15.  The rest period provision in the collective bargaining agreement (CBA) that covered Magana during his employment as a union member is identical to Wage Order No. 16 in the rights, protections, and grievance resolution procedures it confers.  *See* Dkt. No. 10-2, Ex. A at 18-19 (CBA rest period clause).

Magana's suggestion that the CBA does not provide "equivalent protection" to Wage Order No. 16 is not well taken.  Dkt. No. 12 at 3.  Labor Code Section 226.7(c) requires an employer to "pay the employee one additional hour of pay at the employee's regular rate of compensation."  *See also* Cal. Code Regs. tit. 8, § 11160(11)(D) (requiring "one (1) hour of pay at the employee's regular rate of compensation").  The CBA provision covering Magana requires an employer to "pay the employee one (1) hour of pay at the employee's applicable rate of compensation."  Dkt. No. 10-2, Ex. A at 18-19.  Neither of these provisions refers to "rate of pay," as Magana would have it.  *See* Dkt. No. 12 at 3.  In addition, there is no readily apparent

difference between "regular" and "applicable" compensation that might permit an inference that the rate of compensation contemplated by the CBA is not equivalent to the rate provided for by Section 226.7 and Wage Order No. 16.

In these circumstances, Wage Order No. 16 and Labor Code Section 226.7 do not apply to Magana. *See* Cal. Code Regs. tit. 8, § 11160(11)(E) ("This section shall not apply to any employee covered by a valid collective bargaining agreement if the collective bargaining agreement provides equivalent protection."); Cal. Lab. Code § 226.7(e) (section "shall not apply to an employee who is exempt from meal or rest or recovery period requirements pursuant to" an "order of the Industrial Welfare Commission").

Consequently, Magana's rest period claim exists solely as a result of the CBA and is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).  *See Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1152-53 (9th Cir. 2019).  Defendant Baja Construction properly removed the case to this Court on that basis.  *See Garcia v. Serv. Emps. Int'l Union*, 993 F.3d 757, 764 (9th Cir. 2021).  The Court will exercise supplemental jurisdiction over the remaining state law claims that may not be preempted.  28 U.S.C. § 1367.

**IT IS SO ORDERED.**

Dated: May 1, 2026

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California